UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <u>et al.</u>, | : | |
| | : | |
| Plaintiffs, | : | NO. 1:02-CV-00107 |
| v. | : | |
| BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY, OHIO, <u>et al.</u>, | : | |
| Defendants. | : | |
| ------------------------------ | : | |
| | : | NO. 1:09-CV-00029 |
| BOARD OF COUNTY COMMISSIONERS OF HAMILTON COUNTY, OHIO, | : | |
| Plaintiff, | : | **OPINION AND ORDER** |
| v. | : | |
| CITY OF LOVELAND, OHIO, et al., | : | |
| Defendants. | : | |

This matter is before the Court on two nearly identical sets of briefing filed in both of the above-captioned cases. First, in <u>United States v. Board</u>, No. 1:02-CV-00107, ("the Consent Decree case") Defendant Hamilton County Board of Commissioner's Motion to Consolidate Case 1:02-CV-00107 with 1:09-CV-00029 (doc. 343), Defendant City of Cincinnati's Joinder of such motion (doc. 345), Plaintiffs' Response in Support (doc. 346), Sierra Club's Response in Opposition (doc. 348), and the Board's Reply (doc. 349).

The Board filed an identical motion to consolidate in Hamilton County Board of Commissioners v. City of Loveland, et al., No. 1:09-CV-00029, ("the Loveland case") (doc. 13), to which Defendant City of Loveland responded (doc. 15). The Board's Reply (doc. 17) is identical to its Reply in the Consent Decree case (doc. 349).

For the reasons indicated herein, the Court finds the Board's Motion well taken. As such, the Court CONSOLIDATES the Loveland case into the Consent Decree case.

**I. Background**

On June 9, 2004, the Court entered Consent Decrees[1] in United States v. Board, which set in place a framework for insuring that Defendants address capacity and pollution problems with their sewer system, through the implementation of infrastructure improvements through the year 2022 (docs. 129, 130, 131). Defendants' sewer system currently includes the Polk Run Waste Water Treatment Plant and Loveland Service Area, which by a 1985 agreement with the Board was consolidated into the Metropolitan Sewer District ("MSD"), modernized and enlarged, and which is now known as the "MSD Polk Run Segment" (doc. 343). There is no dispute that the MSD Polk Run Segment is subject to the Consent Decrees' mandated improvements and repairs (Id.).

---

[1] The Court entered two decrees: 1) the Consent Decree on Combined Sewer Overflows, Wastewater Treatment Plants and Implementation Capacity Assurance Plan for Sanitary Sewer Overflows, and 2) the Interim Partial Consent Decree on Sanitary Sewer Overflows.

On October 29, 2008, the City of Loveland ("Loveland") filed a Complaint in the Clermont County Court of Common Pleas, in which it alleges that compliance with the Decrees will result in increased rates for all users (Id.). Loveland seeks declaratory judgment sanctioning termination of the 1985 agreement, as well as the grant of easements to the extent necessary such that it can operate the Polk Run Segment (Id.). On January 14, 2009, the Board brought suit in this Court, Case No. 1:09-CV-00029, seeking declaratory judgment on the issue of whether Loveland could secede from the MSD and obtain the Board's interest in property subject to the Consent Decree (Id.).

In the instant motions, filed April 8, 2009, the Board seeks to consolidate the Loveland case into the Consent Decree case, under the theories that both cases involve common questions of law and fact, the Loveland case could require modification of the Consent Decrees and thus render the Consent Decree parties indispensable, and because consolidation would improve judicial economy (docs. 343, 13). All of the parties have filed their respective Responses, and the Board has filed its Reply, such that this matter is ripe for the Court's consideration.

**II. The Board's Motion to Consolidate**

In its motion, the Board contends that consolidation of cases, which is governed by Fed. R. Civ. P. 42(a), is authorized as common questions of law or fact are pending before the Court, and such decision to consolidate is within the Court's discretion

(doc. 343). In the Board's view, consolidation of the Loveland case and the Consent Decree case is necessary because both cases involve common issues of law and fact (Id.). According to the Board, the relief sought by the City of Loveland necessarily implicates the approval of this Court, as the property in issue is subject to the Consent Decree (Id.). The Board further argues that the relief that Loveland seeks, if granted, would conflict with the Consent Decree (Id. citing Sweeney v. City of Steubenville, 147 F. Supp.2d 872, 878 (S.D. Ohio, 2001)(cases must be consolidated when the relief sought in one case would necessarily conflict with the consent decree issued in another case)). As a matter of judicial economy, argues the Board, consolidation would spare the parties time and expense, as the parties to both cases are substantially the same (Id.).

Plaintiffs agree with the Board that there is a significant relationship between the Loveland case and the Consent Decree case, such that consolidation would be appropriate (doc. 346). Plaintiffs contend that the Consent Decrees were specifically drafted to include the Polk Run Segment, and Defendants have already spent the years since 2004 working to implement required relief in the Polk Run Segment so as to bring it into compliance (Id.). Should Loveland gain control of the Polk Run Segment, Plaintiffs contend, then Defendants may not be able to comply with portions of the Consent Decrees and would be forced to seek modification of the Decrees (Id.). There is little doubt, contend Plaintiffs, that any decision altering the ownership or

control of the Polk Run Segment would impact the Consent Decrees, to which Plaintiffs are parties and have significant interests (Id.).

The Sierra Club opposes the Board's motion, premised on the theory that consolidation would only delay implementation of the Consent Decrees (doc. 348). In the Sierra Club's view, unless Loveland actually takes control of the Polk Run Segment, there is no present common issue of law or fact (Id.). In the event of such transfer of control, the Sierra Club contends, the Court could at a later date grant relief pursuant to Rule 42(a) (Id.).

Loveland filed its opposition in Case No. 09-CV-00029, arguing the termination of its 1985 agreement is a contract matter appropriate for state court, and that any issues relating to the Consent Decrees will not arise until any actual assumption of its control over the Polk Run Segment (doc. 15). This Court, argues Loveland, lacks subject matter jurisdiction over its contract case as no federal question is presented, and therefore the federal case against it should be dismissed (Id.). Moreover, contrary to the position of the Plaintiffs, Loveland contends that consolidation would waste the Court's resources and time, and bring entities into the contract action who have no current interest in such action (Id.).

The Board replies that all parties to the Consent Decrees support consolidation and acknowledge common issues between the two actions (doc. 349). The Board argues Loveland and Sierra Club do not dispute that the relief sought in the Loveland case would

conflict with the Consent Decree case, and signals that neither Loveland nor Sierra Club addressed its citation to <u>Sweeney v. City of Steubenville</u>, 147 F. Supp.2d 872, which mandates consolidation (<u>Id</u>.). The Board contends that failure to consolidate may have a whole host of consequences to the Consent Decree case, including the potential of collateral estoppel foreclosing the Court's ability to equitably enforce the Decree, environmental consequences should Loveland successfully secede, and financial consequences to MSD due to loss of Loveland sewer revenues (<u>Id</u>.). The Board argues that consolidation would not delay implementation of the Consent Decrees, and the Sierra Club has no obligation to be actively involved in either the Loveland case or the consolidated case (<u>Id</u>.). In the Board's view, consolidation would avoid the confusion of multiple filings and would lessen delays (<u>Id</u>.).

**III. Discussion**

Having reviewed this matter, the Court finds the Board's Motion to Consolidate well-taken. There is no dispute that the Polk Run Segment is subject to the Consent Decrees, over which the Court has maintained jurisdiction for enforcement. Loveland's proposed secession from MSD involves a whole host of factual and legal issues in the Consent Decree case, such that consolidation is entirely appropriate under Federal Rule of Civil Procedure 42(a). Section III of both Consent Decrees establishes that they are binding upon successors in interest, and that any such proposed succession in interest must be proposed by joint motion to the

-6-

Court, for its approval.  Loveland is seeking to gain control over assets directly involved in the Consent Decrees.  As in <u>Sweeney v. City of Steubenville</u>, 147 F. Supp.2d 872, the Court concludes that the direct challenges to the Consent Decrees posed by the Loveland case give the Court subject matter jurisdiction under 28 U.S.C. § 1331 and the All Writs Act, 28 U.S.C. § 1651.  The Court is not convinced that consolidation will engender delays in the implementation of the Consent Decrees, but rather is of the opinion that consolidation will serve the interests of judicial efficiency.

Accordingly, the Court GRANTS Defendant Hamilton County Board of Commissioner's Motion to Consolidate Case 1:02-CV-00107 with 1:09-CV-00029 (doc. 343 in the former case, doc. 13 in the latter case) and CONSOLIDATES the Loveland case, No. 1:09-CV-00029, into the Consent Decree case, No. 1:02-CV-00107.

SO ORDERED.

Dated: June 2, 2009    /s/ S. Arthur Spiegel
                       S. Arthur Spiegel
                       United States Senior District Judge